177 Cal.App.4th 202 (2009)
THE PEOPLE, Plaintiff and Respondent,
v.
VIRGINIA HERNANDEZ LOPEZ, Defendant and Appellant.
No. D052885.
Court of Appeals of California, Fourth District, Division One.
August 31, 2009.
*204 Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.
Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Lynne McGinnis and Gil Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION
McDONALD, J.
A jury convicted Virginia Hernandez Lopez of committing vehicular manslaughter while intoxicated in violation of Penal Code section 191.5, subdivision (b). Lopez appeals, contending the admission into evidence of a blood-alcohol laboratory report violated her constitutional right to confrontation of witnesses by allowing testimonial hearsay evidence prohibited under Crawford v. Washington (2004) 541 U.S. 36 [158 L.Ed.2d 177, 124 S.Ct. 1354]. We reverse the judgment.
On May 11, 2009, this court filed an opinion affirming the judgment in this case. On July 22, 2009, the California Supreme Court granted a petition for review and issued the following order: "The cause is transferred to the Court of Appeal, Fourth Appellate District, Division One, with directions to vacate its judgment and to reconsider the matter in light of Melendez-Diaz v. Massachusetts (June 25, 2009, No. 07-591) 557 U.S. ___ [174 L.Ed.2d 314, 129 S.Ct. 2527]." In compliance with the order of the Supreme Court, the opinion filed May 11, 2009, is vacated and we issue this new opinion.

FACTS
On August 18, 2007, Lopez worked the evening shift at a restaurant in Julian, California. During the evening, she drank at least three shots of tequila. Shortly after consuming the last shot, Lopez left the restaurant and drove westbound on State Route 78, a narrow, curving road. At the same *205 time, Allan Wolowsky was driving eastbound on State Route 78. Lopez veered into the driver's side of Wolowsky's pickup truck, pushing his truck into a tree; and as a result Wolowsky died.
An ambulance took Lopez to a nearby church and from there a helicopter took her to a hospital. She suffered facial injuries and a broken leg. Her injuries prevented investigating Officer Pirko from administering a preliminary alcohol screening. At the hospital, two hours after the collision, Officer Pirko observed the phlebotomist, Trevin Tuovinen, draw two vials of blood from Lopez at 1:04 a.m. and seal them in an evidence envelope. Officer Pirko transported the vials to a police station in Oceanside where they were placed in evidence storage. Later, the vials were transferred to the San Diego County Sheriff's Regional Crime Laboratory.
On August 28, 2007, Brian Constantino in the San Diego County Sheriff's Regional Crime Laboratory received Lopez's blood samples from the Oceanside station. The San Diego office was beta testing a system for processing evidence. Generally, chain of custody papers accompany a locked evidence box. Under the new system, each item of evidence received individual chain of custody information. As a result, the People did not present chain of custody documentation for an evidence box containing Lopez's blood samples, but presented documentation for the individual blood samples.
Jorge Peña tested the alcohol content of Lopez's blood and reported a level of 0.09 percent blood-alcohol content at the time of the blood draw. Over Lopez's Crawford objection, John Willey, a criminalist forensic alcohol supervisor with the San Diego County Sheriff's Regional Crime Laboratory and custodian of the laboratory reports, testified at trial and explained the new evidence processing procedures. Over Lopez's objection, Peña's blood test report that Lopez's blood-alcohol level at the time of the draw was 0.09 percent was admitted into evidence. Peña did not testify. A jury convicted Lopez of committing vehicular manslaughter while intoxicated.

DISCUSSION

I
(1) Testimonial hearsay evidence otherwise permitted at a trial may not be admitted in a criminal proceeding unless the declarant is unavailable and the defendant had a prior opportunity to cross-examine the declarant. (Crawford v. Washington, supra, 541 U.S. at p. 59.) The California Supreme Court held that forensic laboratory reports are nontestimonial hearsay evidence because they qualify as business records. (People v. Geier (2007) 41 Cal.4th 555, 606-607 [61 Cal.Rptr.3d 580, 161 P.3d 104] [concluding *206 contemporaneous recordings of observable events in laboratory reports are nontestimonial business records because they are not accusatory and "can lead to either incriminatory or exculpatory results"].) A business record is a "`"report . . . or data compilation, in any form, of . . . conditions . . . or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the . . . report . . . ."'" (Geier, at p. 606.) Geier concluded that a person who created a laboratory report does not need to testify at trial about the information contained in a laboratory report because that person "`[was] "not acting as [a] witness[];" and [was] "not testifying"'" while making the report. (Id. at p. 606.)
(2) However, in Melendez-Diaz v. Massachusetts, supra, 557 U.S. ___ [129 S.Ct. 2527] (Melendez), the United States Supreme Court held that laboratory reports of the type presented in Geier, and in the instant case, are testimonial hearsay evidence within the meaning of Crawford and are inadmissible in a criminal proceeding unless the person creating the report is unavailable and the defendant had a prior opportunity to cross-examine the creator. (Melendez, supra, 557 U.S. at p. ___ [129 S.Ct. 2527, 2532].) It therefore appears that Geier has been disapproved by the United States Supreme Court's interpretation of the confrontation clause of the Sixth Amendment to the United States Constitution.
In Melendez, the defendant was charged under state law with distributing and trafficking in cocaine. At trial, the prosecution introduced into evidence "certificates of analysis" showing the results of the forensic analysis of the substances seized from the defendant. The certificates stated the substances were cocaine. The defendant objected to the admission into evidence of the certificates, contending that, under Crawford, the confrontation clause required the analyst of the substances testify in person and be subject to cross-examination. The defendant's objection was overruled, he was convicted by jury and his conviction affirmed through the state court appellate system, which held that the "authors of certificates of forensic analysis are not subject to confrontation under the Sixth Amendment." (Melendez, supra, 557 U.S. at p. ___ [129 S.Ct. 2527, 2531.)
(3) Melendez concluded the certificates of forensic analysis were testimonial hearsay statements under Crawford because they contained the same testimony the analysts would provide if called as witnesses at trial. (Melendez, supra, 557 U.S. at p. ___ [129 S.Ct. 2527, 2532].) The purpose for which the certificates were prepared was to establish at trial the nature of the substances seized from the defendant and for that purpose were introduced as evidence *207 at trial. (Ibid.) Therefore, "[a]bsent a showing that the analysts were unavailable to testify at trial and that [defendant] had a prior opportunity to cross-examine them, [defendant] was entitled to `"be confronted with"' the analysts at trial." (Ibid.)
Melendez also concluded that to constitute testimonial hearsay, the certificates did not have to be accusatory in the sense they did not directly accuse the defendant of a crime. It is sufficient that the certificates provided testimony against or adverse to the defendant; they proved a fact necessary for the defendant's conviction. (Melendez, supra, 557 U.S. at p. ___ [129 S.Ct. 2527, 2533-2535].) Furthermore, Melendez rejected the arguments the certificates were not testimonial hearsay because they did not describe events observed in the past but rather nearly contemporaneous observations of the test of the nature of the substances; they contained neither observations of the crime nor any human conduct related to the crime; and they were not in response to interrogation. (Melendez, supra, 557 U.S. at p. ___ [129 S.Ct. 2527, 2535].) Melendez also rejected the argument the certificates were not testimonial hearsay subject to the confrontation clause because they were types of business records admissible at common law even though hearsay. (Melendez, supra, 557 U.S. at p. ___ [129 S.Ct. 2527, 2538].) The court stated: "Documents kept in the regular course of business may ordinarily be admitted at trial despite their hearsay status. [Citation.] But that is not the case if the regularly conducted business activity is the production of evidence for use at trial. . . . The analysts' certificateslike police reports generated by law enforcement officialsdo not qualify as business or public records . . ." because they are produced for use in court, not for the regular business of the entity producing them. (Ibid., fn. omitted.)

II
Lopez contends the laboratory did not follow the standard procedures required to qualify the laboratory report as a nontestimonial business record under Crawford because the new procedures created discrepancies in the chain of custody documentation. Lopez further contends that in any event, under Crawford, the technician who tested her blood should have testified at trial; the laboratory report was inadmissible testimonial hearsay evidence under Crawford.
The People introduced adequate chain of custody documentation for Lopez's blood samples. The documents were not part of the record provided on appeal, but were introduced into evidence at trial. We reviewed these documents and found that they, together with the testimony of the laboratory report's custodian, Willey, show Constantino received Lopez's blood samples in San Diego on August 28, 2007, and Peña tested the blood on August 31, *208 2007. The court did not abuse its discretion by finding the People adequately established a chain of custody for Lopez's blood samples.
(4) However, we conclude it was error under Crawford and Melendez to admit into evidence the blood-alcohol report created by Peña. That report is indistinguishable from the certificates described in Melendez and was therefore testimonial hearsay evidence admitted in violation of the confrontation clause of the Sixth Amendment to the United States Constitution. There was no evidence Peña was unavailable and that Lopez had the opportunity to cross-examine him before trial.
Because it cannot be shown the error of admitting the blood-alcohol report that Lopez was intoxicated at the time of the incident was harmless beyond a reasonable doubt (Chapman v. California (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824]), the admission of the report into evidence was prejudicial error and the judgment is therefore reversed.

DISPOSITION
The judgment is reversed.
McConnell, P. J., and Nares, J., concurred.